TROY *v.* TAYLOR & GASKIN, INC.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—UNLOADING STEEL.
> Finding that plaintiff, employed by construction company to pull nails, clean and pile used lumber, was guilty of contributory negligence in remaining within 10 feet of defendant's truck when he knew steel was to be unloaded therefrom and pass directly over his head, had been warned previously to keep away from such places but failed to make reasonable observation relative to his own safety *held*, fully supported by evidence and not contrary to preponderance thereof.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted October 15, 1937. (Docket No. 88, Calendar No. 39,717.) Decided December 14, 1937.

Case by Walter Troy against Taylor & Gaskin, Inc., a Michigan corporation, for personal injuries sustained when he was hit by falling steel. Judgment for defendant. Plaintiff appeals. Affirmed.

*William J. Eggenberger,* for plaintiff.

*L. J. Carey* and *George J. Cooper* (*Ernest P. La-Joie,* of counsel), for defendant.

WIEST, J.   This is an action to recover damages for personal injuries.

Plaintiff was a laborer and, on April 13, 1936, was employed by the Cooper-Little Company, contractors, in and about the construction of the foundation

for a pumping station on the premises of the Ford Motor Company. The forenoon of that day he had been employed in pulling nails and cleaning and piling used lumber. While plaintiff was at his noon lunch a truckload of steel for his employer was placed by Taylor & Gaskin, Inc., defendant herein, opposite where he had been working and the crane for unloading the steel over that spot was in position, and his only excuse for resuming his work in such dangerous place was that he did not know the truck was going to be unloaded, and did not notice the fact later when it was being unloaded. He testified:

"I shouldn't be around on the ground if I had known they were unloading this truck. I wouldn't have been there."

Yet he was within 10 feet of the truck when the crane lifted a part of the load right over his head. He knew the truck was there for unloading over the very place where he was working. This knowledge should have been put to use by him and have caused him to note what he knew was going to happen and, when it did happen, the danger he would encounter if he remained in that place. Plaintiff testified:

"I have had warning not to be around close when people have been unloading steel, not that day but previous to that time. Sure, I have been warned to keep away when they were unloading steel with these other colored boys. I know why they were warned to keep away, because of danger of accident. Because I might get hurt."

When injured, plaintiff was between the truck, from which steel was being unloaded, and the side of the building. The steel was being unloaded by a

crane and a lift thereof was up in the air, held by cable, and evidently one end tilted and struck plaintiff.

Plaintiff was aware of the danger if, and when, unloading commenced, knew the truck was there for unloading purposes and that he should not remain, and it was no excuse, absolving him from want of ordinary care, to say that he did not notice the fact that the unloading was in progress.

Under the circumstances he was bound to make reasonable observation relative to his own safety. This he failed to do and was negligence on his part.

Upon trial, without a jury, the court found plaintiff guilty of contributory negligence and entered judgment for defendant. The judgment is fully supported by evidence, and cannot be found to be contrary to the preponderance thereof.

We find no error, and the judgment is affirmed, with costs to defendant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.